UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| COREY JEMELL ROGERS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:16-cv-1088 SNLJ |
| STEVEN BROUK, et al., | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

Before the Court are five motions [#26, #27, #29, #34, #35] by the plaintiff Corey Rogers.[1] Each motion has been responded to by the defendants. The Court will address the motions chronologically.

### I. Plaintiff's Motion for the Court to Order the Defendants and their Counsel to Return to the Plaintiff Original Documents Sent With Initial Disclosures [#26] and Plaintiff's Motion to take Recorded Depositions of Non-Party Staff Witnesses and All Defendants [#27]

Plaintiff moves the Court to order the defendants to return plaintiff's original documents that were sent with plaintiff's initial disclosures. As this Court understands, the defendants returned those documents to the plaintiff on December 9, 2016 [#28 pg. 2 ¶ 3]. Therefore, that part of plaintiff's motion denied as moot.

Plaintiff moves the Court to take recorded depositions of non-party staff witnesses and all defendants [#27]. The Court finds plaintiff's motion substantially similar, if not identical, to plaintiff's motion to take deposition of non-party staff [#21]. For the same

---

[1] The Court is not addressing Plaintiff's motion for the Court to order the defendants or their agents to produce documents or allow the plaintiff to inspect them [#37] at this time.

reasons as the Court denied plaintiff's motion to take deposition of non-party staff, plaintiff's motion to take recorded depositions of non-party staff witnesses [#27] is denied. First, there is no provision in the Rules for the taking of a tape-recorded deposition without a court reporter. Second, because plaintiff is indigent and proceeding pro se, the motion will be denied unless plaintiff pays in advance for the services of the court reporter in addition to copying and all other fees associated with taking a deposition.

## II. Plaintiff's Motion for the Court to Order Potosi or Their Agent to Allow Plaintiff to Review Video and the Use of Force Report [#29]

Plaintiff moves the Court to order Potosi or their agent to allow plaintiff to review the incident video in addition to reviewing the use of force report. Defendants responded to plaintiff's motion [#33]. Defendants argue that plaintiff had access to view the video and use of force report at the Litigation Coordinator's convenience and never requested to view this material before filing the instant motion. Further, it is this Court's understanding that defendants' counsel allowed plaintiff to view the incident video and use of force report on December 22, 2016 when defendants deposed plaintiff. Plaintiff's motion [#29] is denied as moot.

## III. Plaintiff's Motion for the Court to Order Defendants to Submit Copies of Their Deposition Transcripts to Plaintiff [#34] and Plaintiff's Motion for the Court to Order the Defendants to Produce Documents [#35]

Plaintiff moves the Court to order the defendants to submit copies of their deposition transcripts to plaintiff. Plaintiff's motion [#34] was filed on December 15, 2016. It is this Court's understanding that plaintiff was deposed by the defendants on

December 22, 2016. Thus, plaintiff's motion, when filed, was premature. However, to the extent that plaintiff's deposition was taken by the defendants as planned, plaintiff is entitled to copies of the deposition transcripts. Plaintiff's motion for the Court to order defendants to submit copies of their deposition transcripts to plaintiff is granted [#34].

Finally, plaintiff moves this Court produce the following documents:

(1) Grievances, complaints, or other documents received by Cindy Griffith or her agents received from January 2015 until May 2016 concerning the mistreatment of inmates by defendants Steven Brouk, John Layton, and Donald Hale.

(2) Any disciplinary actions taken against defendants Steven Brouk, John Layton, and Donald Hale by Cindy Griffith or her agents from the start of these defendants being employed by the Department of Corrections until December 12, 2016, in addition to producing the reports of said disciplinary actions.

(3) Any and all policies, directives, or instructions to staff concerning strip searches.

Defendants responded [#36], arguing that the requests in this motion are substantively different than the documents he requested in his Request for Production. Further, defendants argue that plaintiff did not confer with the defendants' counsel prior to filing the instant motion. Local Rule 37-3.04(A) states that "The Court will not consider any motion relating to discovery and disclosure unless it contains a statement that movant's counsel has conferred in person or by telephone with the opposing counsel in good faith or has made reasonable efforts to do so, but that after sincere efforts to resolve their dispute, counsel are unable to reach an accord." Plaintiff failed to meet or confer with defendants' counsel prior to filing the instant motion and thus violated Local Rule 37-3.04(a). This requirement is especially important in view of defendants' several

substantial objections to plaintiff's discovery and document production requests. Plaintiff's motion to compel production of documents [#35] is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for the Court to Order Defendants to Submit Copies of Their Deposition Transcripts to Plaintiff is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for the Court to Order the Defendants and their Counsel to Return to the Plaintiff Original Documents Sent With Initial Disclosures [#26], Plaintiff's Motion to take Recorded Depositions of Non-Party Staff Witnesses and All Defendants [#27], Plaintiff's Motion for the Court to Order Potosi or Their Agent to Allow Plaintiff to Review Video and the Use of Force Report [#29], and Plaintiff's Motion for the Court to Order the Defendants to Produce Documents [#35] are **DENIED**.

So ordered this 9th day of January, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE