UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

COREY JEMELL ROGERS,       )
                                     )
           Plaintiff,         )
                                     )
v.                             )        Case No. 4:16-cv-1088 SNLJ
                                     )
STEVEN BROUK, et al.,        )
                                     )
          Defendants.     )

**MEMORANDUM AND ORDER**

Before the Court are two motions (#42 & #44) by the plaintiff Corey Rogers. Each motion has been responded to by the defendants. For the following reasons, both motions are denied.

**I.     Plaintiff's Motion for Court-Appointed Counsel (#42)**

The appointment of counsel for an indigent *pro se* plaintiff lies within the discretion of the Court. Indigent civil litigants do not have a constitutional or statutory right to appointed counsel. *Stevens v. Redwing*, 146 F.3d. 538, 546 (8th Cir. 1998); *Edgington v. Mo. Dept. of Corrections*, 52 F.3d. 777, 780 (8th Cir. 1995); *Rayes v. Johnson*, 969 F.2d. 700, 702 (8th Cir. 1992). The standard for appointment of counsel in a civil case involves the weighing of several factors which include the factual complexity of a matter, the complexity of legal issues, the existence of conflicting testimony, the ability of the indigent to investigate the facts, and the ability of the indigent to present his claim. *See McCall v. Benson*, 114 F.3d 754 (8th Cir. 1997); *Stevens*, 146 F.3d. at 546;

*Edgington*, 52 F.3d. at 780; *Natchigall*, 48 F.3d. at 1080-81; *Johnson v. Williams*, 788 F.2d. 1319, 1322-1323 (8th Cir. 1986).

In this matter, the Court finds that appointment of counsel is not mandated at this time. Plaintiff argues that he requires counsel because of issues relating to discovery. Plaintiff has filed three motions to produce, indicating his ability to successfully prepare and present his arguments to the Court. The plaintiff continues to be able to litigate this matter, and nothing has occurred to indicate any need to appoint counsel at this point in time. This action still appears to involve straightforward questions of fact rather than complex questions of law, and plaintiff appears able to clearly present and investigate his claim.

## II.     Plaintiff's Motion to Compel (#44)

The instant motion will be construed as plaintiff's third motion to compel relating to the production of documents relevant to past mistreatment of inmates by the defendants in this case. Specifically, plaintiff seeks any and all grievances, complaints, or other documents received by the defendants or their agents at Potosi Correctional Center concerning the mistreatment of inmates by the defendants and any memoranda, investigative files or other documents to such complaints from these defendants starting from when the defendant was employed through October 25, 2016. Plaintiff's first and second motions pertaining to this request were denied because plaintiff failed to comply with Local Rule 37-3.04(a). The Court did not address plaintiff's motions on the merits.

This Court will construe plaintiff's instant motion as complying with the local rule and thus ripe to address on the merits. Defendants argue that the information requested is

contained within closed personnel records and not available to produce to an inmate

pursuant to Missouri Department of Corrections ("MDOC") policies and Missouri state

law. This Court is inclined to agree with the defendants. Plaintiff's request necessarily

must come from a combination of MDOC employees' personnel files and MDOC

individual offender's files. These files are closed records under state law. *See* §

610.021(13) and § 217.075(3).

      Accordingly,

      **IT IS HEREBY ORDERED** that plaintiff's Motion for Court-Appointed Counsel

(#42) and plaintiff's Motion to Compel (#44) are **DENIED**.

      So ordered this 13th day of February, 2017.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE