UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| COREY JEMELL ROGERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:16-cv-1088 SNLJ |
| | ) |
| STEVEN BROUK, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This case comes before the court on defendants' motion for summary judgment (#55). The motion has been fully briefed and is ripe for disposition. For the following reasons, the Court will grant the defendants' motion for summary judgment.

**I.      Factual Background**

Plaintiff, proceeding *pro se*, brought this civil rights action under 42 U.S.C. § 1983 against the defendants for alleged violations of his Eighth Amendment rights.[1] Specifically, plaintiff contends that the defendants used excessive force against him, that a defendant touched him in a manner that constituted sexual assault, and that the defendants were deliberately indifferent to his medical needs following the use of excessive force. At all relevant times of this lawsuit, plaintiff was an inmate at Potosi Correctional Center ("PCC") in the Missouri Department of Corrections ("MDOC"). The remaining defendants are correctional officers employed by the MDOC at PCC.

---

[1] Plaintiff's initial complaint named six defendants. Three of the defendants have been dismissed from the action.

## II. Legal Standard

Pursuant to Federal Rule of Civil Procedure 56(a), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden is on the moving party. *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op. Inc.*, 838 F.2d 268, 273 (8th Cir.1988). After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party bears the burden of setting forth affirmative evidence and specific facts by affidavit and other evidence showing that there is a genuine dispute of a material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex*, 477 U.S. at 324. In ruling on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. *Matsushita,* 475 U.S. at 587; *Woods v. DaimlerChrysler Corp.,* 409 F.3d 984, 990 (8th Cir. 2005).

## III. The Parties' Statements of Fact

The Court notes that the plaintiff has not appropriately responded to the defendants' statement of uncontroverted material facts as required by Local Rule 7-4.01(E). That rule requires that "Every memorandum in opposition [to a motion for summary judgment] shall include a statement of material facts as to which the party

contends a genuine issue exists. Those matters in dispute shall be set forth with specific references to portions of the record, where available, upon which the opposing party relies." Further, the rule states that unless specifically controverted by the opposing party, all matters set forth in the movant's statement of facts shall be deemed admitted for purposes of summary judgment. Here, in plaintiff's response to the defendants' motion for summary judgment, plaintiff almost exclusively cites his unverified complaint as evidentiary support for his statement of uncontroverted material facts. An unverified complaint cannot be considered as such evidence. *Tweeton v. Frandrup*, 287 Fed. Appx. 541 (8th Cir. 2008).

Plaintiff's *pro se* status does not excuse him from responding to defendant's motion with specific factual support for his claims to avoid summary judgment, *Beck v. Skon*, 253 F.3d 330, 333 (8th Cir. 2001), or from complying with local rules, *see Schooley v. Kennedy*, 712 F.2d 372, 373 (8th Cir. 1983). However, "[t]he Eighth Circuit has determined that when a plaintiff fails to respond adequately to a motion for summary judgment, a district court should not treat such a non-response as sufficient to dispose of the motion." *Lowry v. Powerscreen USB, Inc.*, 72 F.Supp.2d 1061, 1064 (E.D. Mo. 1999) (citing *Canada v. Union Electric Co.*, 135 F.3d 1211, 1213 (8th Cir. 1997). "Courts should proceed to examine those portions of the record properly before them and decide for themselves whether the motion is well taken." *Id*.

With this in mind, the Court has reviewed the statements, the responses, and the supporting documentation for any genuine disputed facts. Although there are a multitude of disputed facts, the material facts necessary to make the determination on the claims

3

alleged are undisputed and/or are deemed admitted because they are not specifically controverted. Facts for each claim will be discussed below. All facts are undisputed unless otherwise noted.

IV. Discussion

   A. Eighth Amendment - Excessive Force

As noted, plaintiff was an inmate at PCC while the remaining defendants – Steven Brouk, James-Riley Layton, and Donald Hale – were correctional officers at PCC. On January 20, 2016, defendant Brouk, while on a security check, approached plaintiff's cell after noticing that plaintiff had covered the light and the windows within his cell – a violation of institutional rules. Brouk directed plaintiff to uncover the light and windows. Plaintiff refused and indicated that Brouk should get away from his cell. Brouk left the area of plaintiff's cell but returned approximately twenty minutes later with defendant Layton to conduct a search of plaintiff's cell. Brouk and Layton directed, and plaintiff complied, to be cuffed up and removed from his cell because they were going to search his cell for contraband. Brouk and Layton escorted plaintiff down a staircase and restrained plaintiff to a bench in a different area of the institution during the search. Several articles of contraband were revealed during this search.

Discussed further below, plaintiff alleges that while Brouk and Layton escorted plaintiff down the stairs, Brouk grabbed plaintiff's buttocks after making a remark about the size of it. Both Brouk and Layton dispute this allegation. After the search, Brouk and Layton escorted plaintiff back to his cell, where they told plaintiff he would be subjected to a strip search. Plaintiff resisted the search, indicated that Brouk should not touch him,

4

and demanded that a sergeant be requested.  Plaintiffs' requests were honored and defendant Hale soon arrived at plaintiff's cell.  When Hale arrived, Layton indicated that plaintiff refused to submit to a strip search.  Hale and plaintiff discussed the refusal before Hale gave plaintiff directives to stand up and to submit to the search.

Plaintiff eventually complied with the search but subsequently jerked away from the defendants.  After pulling away, the defendants forcefully placed plaintiff against or on his bunk bed, which may have caused plaintiff's head to hit concrete near the bunk.  Defendants then used force by getting on top of plaintiff in an attempt to control him until he ceased resisting and allowed the search to be completed.  Plaintiff alleges that during this altercation, Brouk deliberately kicked plaintiff in the head three or four times.  Defendants also deny that allegation.  Eventually, plaintiff stopped resisting, stood up, and allowed the search to be completed.  Video evidence indicates that the entire use of force lasted around 45 seconds to a minute.  Defendants did not see any injuries on plaintiff before leaving his cell.  Plaintiff contends he did not realize he was injured until after they left his cell.  Plaintiff's injuries and medical care are somewhat disputed and are discussed more fully below.  However, as it relates to this claim, medical examined plaintiff the next day and noted that plaintiff had a small abrasion on his forehead.

Plaintiff alleges that these facts establish that the defendants used excessive force against him, in violation of his Eighth Amendment rights.  The "Eighth Amendment bars correctional officers from imposing unnecessary and wanton pain on inmates."  *Johnson v. Blaukat*, 453 F.3d 1108, 1112 (8th Cir. 2006) (citing *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)).  "When confronted with a claim of excessive force alleging a violation of the

5

Eighth Amendment, the core judicial inquiry is 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Santiago v. Blair*, 707 F.3d 984, 990 (8th Cir. 2013) (quoting *Hudson,* 503 U.S. at 6–7). "[C]orrection officers must balance the need 'to maintain or restore discipline' through force against the risk of injury to inmates." *Hudson*, 503 U.S. at 6.

Here, the uncontroverted material facts indicate that plaintiff's cell had just been searched and contraband found. Brouk and Layton informed plaintiff they were going to conduct a strip search of plaintiff to further search for contraband. When plaintiff was upset by that notion, the officers respected plaintiff's wishes to radio their sergeant rather than resort to force at that time. Plaintiff then refused to comply with several directives, including the orders to comply with a strip search by both defendants Brouk and Layton and then defendant Hale. Force was only used by the defendants when, after eventually consenting to the search, plaintiff "jerked away" from the defendants during the search. Plaintiff's actions were disruptive to the security of the institution and defendants acted to restore discipline. The defendants acted reasonably and did not act "maliciously and sadistically to cause harm." There is no genuine dispute as to any material fact and defendants are entitled to judgment as a matter of law as to plaintiff's excessive force claim.

### B. Eighth Amendment – "Sexual Assault"

As referenced above, plaintiff claims that defendant Brouk referenced the size of plaintiff's backside before grabbing it. Defendants Brouk and Layton deny this

6

allegation. Plaintiff alleges no other impropriety by Brouk, or any other employee at PCC, relating to sexual abuse or sexual assault.

"[N]ot every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S. at 9. "Certainly, sexual or other assaults are not a legitimate part of a prisoner's punishment, and the substantial physical and emotional harm suffered by a victim of such abuse are compensable injuries." *Berryhill v. Schriro*, 137 F.3d 1073, 1076 (8th Cir. 1998) (internal citation omitted). In *Berryhill*, like this case, a prison guard allegedly grabbed a prisoner's buttocks for a few seconds and the prisoner alleged sexual assault. The Eighth Circuit, in denying plaintiff's claim, held "It would be a distortion, however, to characterize the conduct in this case as a sexual assault, even when we view the evidence, as we must, in the light most favorable to the plaintiff." *Id.* The Court held that the brief touch to the plaintiff's buttocks simply could not be construed as a sexual assault. *Id.* Even further, the Court noted that the plaintiff's claim failed because no objectively serious or actual injury was shown to have arisen from the brief touching. *Id.* at 1076-77.

Similarly, even when construing the facts in the light most favorable to the plaintiff, plaintiff's Eighth Amendment claim alleging sexual assault is subject to summary judgment. The one instance alleged to have been sexual assault was not sexual assault, the plaintiff alleged no other facts regarding sexual assault or sexual abuse, and plaintiff alleged no injury because of the alleged unwelcomed grab. Plaintiff's claim does not rise to the level of a constitutional violation.

### C. Eighth Amendment – Deliberate Indifference

Finally, plaintiff claims that the defendants were deliberately indifferent to plaintiff's serious medical needs, in violation of the Eighth Amendment. The uncontested facts indicate that after the use of force, the plaintiff stood up and defendants finished the strip search. The defendants did not see any injury on plaintiff and plaintiff did not realize he was injured until after the defendants left plaintiff's cell. It is also uncontested that plaintiff was seen by medical staff the next morning. Medical staff noted a "small abrasion" on his forehead and instructed plaintiff to wash it with soap and water.

Defendants additionally contend, and provide admissible evidence indicating as much, that a nurse was escorted to plaintiff's cell approximately an hour after the incident. This nurse allegedly only did a visual examination of plaintiff through the cell door because plaintiff's behavior was "combative and belligerent." In her examination, which was recorded in a form admitted into evidence, the nurse noticed no marks on his trunk, limbs, or head. Further, after the nurse asked to see a cut that plaintiff complained of on the back of his head, the plaintiff stated "don't even worry about it."

However, the plaintiff, by way of affidavit, denies that plaintiff was seen by any nurse or given any medical care that night. Instead, plaintiff claims that he pressed the cell emergency button but received no response. Further, plaintiff contends that he told both defendants Brouk and Hale of plaintiff's serious medical needs that night but was ignored. Essentially, plaintiff claims that all of the defendants, the nurse's report, and all other admissible evidence admitted to the Court are composed of lies.

"The Eighth Amendment's proscription of cruel and unusual punishment obligates prison officials to provide inmates with medical care." *Dulany v. Carnahan,* 132 F.3d 1234, 1237 (8th Cir.1997) (citing *Estelle v. Gamble,* 429 U.S. 97, 103, (1976)). To succeed on his deliberate indifference claim, the plaintiff must prove that the defendants knew of and disregarded an excessive risk of harm to plaintiff's health or safety. *Letterman v. Does*, 789 F.3d 856, 862 (8th Cir. 2015) (internal quotations omitted). The first element is objective – the plaintiff must show there was a substantial risk of serious harm to the victim. *Id.* at 861. The second element is subjective – the plaintiff must show that the prison officials knew of and then were deliberately indifferent to that risk of harm. *Id.* at 861-862.

Here, the uncontested facts indicate that defendant was able to, and did, stand on his own to finish the rest of the strip search, that defendants did not see any injuries on plaintiff after the incident, plaintiff did not realize he was injured until after the incident, and plaintiff was seen by medical the next morning and was noted to have had only a small abrasion on his forehead. These facts alone illuminate that plaintiff cannot succeed on this claim because there was no substantial risk of serious harm to the victim. Plaintiff's injuries were such that they could not be seen by others after the incident and were not even felt by plaintiff at the time. Plaintiff presents no other evidence – aside from his own, unsupported self-serving statement – to support his claimed injuries.

## V. Qualified Immunity

"Qualified immunity is a defense available to government officials if they have not violated 'clearly established statutory or constitutional rights of which a reasonable

person would have known.'" *Amrine v. Brooks*, 522 F.3d 823, 831 (8th Cir.2008) (quoting *Young v. Selk*, 508 F.3d 868, 871 (8th Cir.2007)). Qualified immunity determinations are based on a two-part inquiry. First, the court determines whether the alleged facts, viewed in the light most favorable to the injured party, demonstrate that the official's conduct violated a constitutional right. *Id*. Second, if the answer to that inquiry is yes, the court asks whether the constitutional right was clearly established at the time so that a reasonable government official would have understood that his conduct violated that right. *Id*. The defendants are entitled to qualified immunity because the defendants' conduct in this case did not violate any of plaintiff's constitutional rights.

## VI. Conclusion

Based on the foregoing, the defendants' motion for summary judgment is granted because there is no dispute as to any material fact and the defendants are entitled to judgment as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for summary judgment (#55) is **GRANTED**.

So ordered this 4th day of August, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE